SOPHIA JOHNSON, DEFENDANT IN ERROR, v. THE LEMBECK & BETZ EAGLE BREWING COMPANY, PLAINTIFF IN ERROR.

Submitted December 9, 1906—Decided November 11, 1907.

It is the duty of a landlord, who lets rooms in his building to different tenants with the privilege of using certain passageways in common, to exercise reasonable care with respect to the safety of such passageways for such use.

On error to the Circuit Court.

Before GUMMERE, CHIEF JUSTICE, and Justice GARRISON.

For the plaintiff in error, *Hudspeth & Carey.*

For the defendant in error, *Theodore Rurode* (on the brief).

The opinion of the court was delivered by

GARRISON, J. The plaintiff in the action below was a tenant of the defendant in a building occupied by four families, all of whom as tenants used the hallways and stairs in common. These passageways were carpeted, and the negligence ascribed by the present action to the defendant is the failure to use reasonable care to maintain the safe conditions of such passageways in this respect, the concrete case of the plaintiff being that she was thrown down the stairs by reason of a hole in the carpet that had been there for a long time and of which the defendant had been notified. There was a ver-

dict and judgment for the plaintiff, whereupon the defendant brought this writ of error.

The duty of the plaintiff in error to exercise reasonable care with respect to the safe condition of the common passageways afforded to his tenants is established in this state. *Siggins* v. *Thayer,* 43 *Vroom* 263.

In the present case the testimony fully warranted the application of this rule to the plaintiff in error.

All the other questions in the cases were mixed ones of law and fact in the sense that each called for the correct exposition of a rule of law by the court, and a practical application of the rule so announced to the facts as the jury found them, or to those inferences as to the conduct of the parties that the jury were permitted to find from the testimony. If this summary and conclusion are correct the motions for a nonsuit and for the direction of a verdict were properly denied, and the only question with which we deal upon this writ is the correctness of such legal expositions. These expositions covered and covered correctly the general duty of the plaintiff in error in the premises; the requirement that the defective condition of the passage should be brought home to the landlord by notice or its equivalent; the reasonable period that should be accorded the landlord to make repairs and the general and specific duty of the defendant in error to make a reasonable use of her knowledge for her own safety. In none of these respects do we discover any error on the part of the trial court, and inasmuch as the application of the rules thus laid down for the guidance of the jury involved the determination upon its part of controverted questions of fact, the correctness of such application embodied in the judgment now before us is not the subject of review.

Finding no error in any of the matters assigned the judgment of the Circuit Court is affirmed.