ALICE MILLER *vs.* MABEL L. HOOPER, et als.

Cumberland.    Opinion January 26, 1921.

*Landlord and tenant.   Alleged defective stairway leading from tenement occupied*
*by tenant to street.   Differentiation between an unsafe condition resulting*
*from structural reasons, and one resulting from wear, breaking or decay.*
*Landlord or owner must exercise due care to keep in reasonably safe*
*repair stairways, passage ways and halls under his control, and*
*disclose to tenant any hidden defects of which he knows or*
*should know, and make such repairs as he expressly*
*agrees to make.*

On report.   The case involves the duties which a landlord owes to his tenants
and their households.

He must make such repairs as he expressly agrees to make.   He must disclose
to the tenants any hidden defects of which he knows or should know.   No
further duty devolves upon him in respect to premises of which the tenants
are given exclusive possession.

But besides these he has a further duty in respect to halls, stairways and approaches
which remain in his control subject to use by the tenant or ordinarily by
several tenants.   The landlord must exercise due care to keep these in reas-
ably safe repair.

Applying these principles to the facts in the pending case it appears that the
stairway upon which the plaintiff fell, sustaining the injuries described in
her writ was a stairway controlled by the defendants who were owners of
the building and that the stairway was used in common by the families of
two tenants.   The defendants owed a duty to the plaintiff to exercise due
care to keep the stairway in reasonably safe repair.   But a careful analysis
of the testimony does not disclose that the defendants were derelict in the
performance of this duty.

On report.   This is an action on the case alleging negligence,
brought by plaintiff, a daughter of a tenant of the defendants,
to recover damages for an alleged injury received in passing
down the back door steps leading from the first floor of the build-
ing, in which was the tenement occupied by her father, to the street.
The building being located in Portland at the corner of Oxford and

Franklin streets. After the testimony was taken, by agreement of the parties, the case was reported to the Law Court to render such judgment as the law and evidence required. Judgment for defendants.

The case is stated in the opinion.

*Jacob H. Berman, and Benjamin L. Berman,* for plaintiff.

*Maurice E. Rosen, and William A. Connellan,* for defendants.

SITTING: CORNISH, C. J., SPEAR, HANSON, PHILBROOK, DUNN, MORRILL, WILSON, DEASY, JJ.

DEASY, J. The plaintiff was one of the household of her father who occupied as tenants of the defendants the lower of two tenements in a house situated on Franklin Street, Portland.

On Dec. 11, 1919, while leaving the house by the back stairway, used in common by the occupants of both tenements, she tripped and fell, sustaining injuries to recover damages for which this suit is brought.

The duties which a landlord owes to his tenants and their households are established by many judicial decisions. He must make such repairs as he expressly agrees to make. He must disclose to the tenant any hidden defects of which he knows or should know. No further duty devolves upon him in respect to the premises of which the tenants are given exclusive possession. But besides these, he has a further duty in respect to halls, stairways and approaches which remain in his control subject to use by the tenant or ordinarily by several tenants.

He must exercise reasonable care to keep these in safe repair.

Counsel for the defendant urges that the condition of the stairway at the time of the plaintiff's accident was substantially the same as when her father took his lease and moved to the premises, and he argues that the owner performs his full legal duty if he keeps stairways, dedicated to the common use of tenants, in the same state of repair or disrepair that they were in at the beginning of the tenancy.

This position finds support in a series of Massachusetts cases one of the earliest being *Moynihan* v. *Allyn,* 162 Mass., 272, and among the latest *Angevine* v. *Hewitson,* 126 N. E., 425 and *Kirby* v. *Tirrell,* 128 N. E., 28.

As applied to the plan of construction this position is sound.

An owner may build a tenement house with stairways which because of steepness or for other obvious structural reasons are inconvenient or even unsafe. The tenant cannot exact any change. If such stairways need to be repaired or rebuilt, the owner is not required to make them safer or more convenient.

But the application of this doctrine to repairs made necessary by wear, breaking or decay is opposed to the great weight of authority. We conceive the true rule to be that the owner must exercise due care to keep in reasonably safe repair, stairways and passage ways which remain under his own control.

Among the many cases supporting this rule are the following: *Horn* v. *Danziger*, 180 N. Y. S., 97; *Burke* v. *Hullett*, (Ill.), 75 N. E., 240; *Lang* v. *Hill*, (Mo.), 138 S. W., 698; *Starr* v. *Sperry*, (Iowa), 167 N. W., 533; *Widing* v. *Ins. Co.*, (Minn.), 104 N. W., 239; *La Plante* v. *LaZear*, (Ind.), 68 N. E., 312; *Butler* v. *Watson*, (Mich.), 159 N. W., 507; *Dodson* v. *Herndon*, (Ky.), 143 S. W., 1011; *Johnson* v. *Brewing Co.*, (N. J.), 68 At. 85; *Koskoff* v. *Goldman*, (Conn.), 85 At., 592.

The Maine case of *Sawyer* v. *McGillicudy*, 81 Maine 322 is in harmony with these authorities.

But applying this principle to the facts in the pending case we are not convinced that the plaintiff's accident was due to any breach of duty on the part of the defendants. The plaintiff testifies that she tripped upon the third stair from the bottom. The riser of this stair was claimed but not proved to be decayed. The tread was worn but not so worn as to be unsafe. If this stair was in an unsafe condition it was by reason of two cracks in the tread running from half to two-thirds of its length from opposite ends.

The plaintiff testifies that one or both of these cracks sprang open four inches as she stepped upon the tread and that "this toe went in and I went down"—and that after her fall the crack closed again or to use her words "sprang back." This account of the accident while probably related in good faith is so unreasonable as to be incredible.

If a step upon the tread would cause the crack to open four inches or any considerable space some of the occupants of the other tenements in their frequent use of the stairs would have observed it. If the unusual and remarkable defect existed as described that fact

might readily have been demonstrated in the months following the accident during which the condition of the tread remained unchanged. The man who in the spring of 1920 repaired the stairs testified that he found the tread strong and well secured.

We do not deem it necessary to consider the plaintiff's due care. Assuming due care on her part she fails because she has not shown the breach of any legal duty owed to her by the defendants.

*Judgment for defendants.*