## Cohen v. White.

(Decided December 16, 1924.)

Appeal from Jefferson Circuit Court
(Common Pleas, First Division).

1. Landlord and Tenant—Landlord's Duty as to Furnishing Tenant Reasonably Safe Premises Stated.—Ordinarily tenant takes premises as he finds them, and cannot recover for injuries from defective condition· thereof; exception being made where landlord leases parts of property to different tenants, retaining control of stairways, halls, etc., which exception does not apply, if under contract part of premises complained of was for exclusive use of tenant.

2. Landlord and Tenant—Tenant Not Liable for Injuries to Subtenant, where Retaining no Control Over Property Causing Injury.—Tenant of part of second floor held not liable for injuries sustained by subtenant when banister on stairway from porch on second floor gave way, where he retained no part of such floor, was not in possession of porch, and had not rented it; his authorization of use of porch and stairway by subtenant being only a license.

DOOLAN & DOOLAN for appellant.

CHARLES F. TAYLOR and HARRY ROBINSON for appellee.

Opinion of the Court by Commissioner Hobson—Reversing.

On January 6, 1920, Sam Kreitman leased to Mitchell Netter, from that date until September 30, 1922, the storeroom and two rooms directly in rear of the store, also the two front rooms on the second floor of a house at number 529 South Twelfth street, Louisville, Kentucky. The lease did not include the whole building, there were two rooms on the second floor which were leased to another tenant. Netter transferred the lease to Hyman Cohen on August 8, 1921. Cohen at first occupied with his family the two rooms in the rear of the store, also the two front rooms upstairs and ran his store in the storeroom. In January, 1922, he moved his family downstairs and after that only occupied, with his family, the two rooms back of the store. He then rented to Maggie White the two front rooms upstairs covered by his lease. Maggie White moved in. There was a porch back of the house with a railing around it and a stairway leading down from the second story. In April Maggie White went out on this porch to empty some ashes and in doing so leaned her arm on the banister of the porch. The banister gave way and she fell to the ground sustaining personal injuries, to recover for which she brought this action against Cohen. She testified on the trial that Cohen told her when she rented the property to use this porch and stairway to get coal and kindling and that she kept her kindling on the ground under the porch. This Cohen denied and said he only rented her the two front rooms and said nothing about the use of the porch. The banister was rotten and in bad condition and its giving away caused Maggie White to fall. The contract between Cohen and Maggie White was not in writing. The court gave the jury this instruction:

> "If you believe from the evidence that in connection with his renting of the two rooms to Maggie White, Hyman Cohen authorized and directed her to use the porch and the back steps in connection with her occupancy of those rooms, then it became Hyman Cohen's duty to exercise ordinary care to have and maintain the porch and the railing around it in a reasonably safe condition for use."

The jury found for Maggie White in the sum of $500.00. Cohen appeals.

It is the settled law in Kentucky that ordinarily a landlord need not exercise ordinary care to furnish a tenant reasonably safe premises, but the tenant takes the premises as he finds them and cannot recover for injuries to his person by reason of the defective condition of the premises. King, etc. v. Cassell, 150 Ky. 537; Dice's Admr. v. Zweigart's Admr., 161 Ky. 646; Speckman v. Schuster, 183 Ky. 326.

An exception to this rule is made where the landlord leases parts of the property to different tenants retaining control of the stairways, halls, etc., for the common use of all of the tenants. Hess v. Hinkson, 96 S. W. 436; Dodson v. Herndon, 147 Ky. 183; Home Realty Co. v. Carius, 189 Ky. 229; Mills v. Cavanugh, 94 S. W. 651.

But this exception does not apply if, under the express or implied contract with the tenant, the part of the premises complained of was for the exclusive use of the tenant and not for the common use of the other tenants. Hess v. Hinkson, 96 S. W. 436.

It is plain from the evidence that Cohen retained no no part of the second floor and that another tenant rented from the owner the two back rooms. If he told Maggie White that she might use the back porch and stairway this at least imposed no greater liability upon him than if he had rented these to her. Naturally though his language, as testified by her, was nothing more than a license that she might use the porch and stairway. He was not in possession of the porch. He had not rented it. Under the well settled rule she took the porch as she found it and used it at her own risk.

Under the evidence the court should have instructed the jury peremptorily to find for the defendant.

Judgment reversed and cause remanded for a new trial.