LUCY E. BRANDT *vs.* JOHN RAKAUSKAS.

Third Judicial District, New Haven, June Term, 1930.

WHEELER, C. J., MALTBIE, HAINES, HINMAN AND BANKS, Js.

70

Argued June 12th—decided July 31st 1930.

*William B. Hennessy,* with whom, on the brief, was *Jesse Devine,* for the appellant (defendant).

*Max R. Traurig* and *Carroll C. Hincks,* for the appellee (plaintiff).

BANKS, J.   The plaintiff occupied as tenant the second floor of a two-family house owned by the defendant who himself lived on the first floor.   The rear entrance to the second floor tenement was by way of a stairway from a rear verandah on the first floor to a rear verandah on the second floor.   There were two wooden steps built into the rear verandah on the first floor at the foot of which there was a slab of concrete or cement about three feet by two and a half feet set upon the earth, which, together with the two steps, furnished the approach to the rear verandah used by the occupants of both floors to reach their respective tenements from the rear.   The plaintiff claimed that as she was coming down from her apartment to the rear yard of the premises she stepped upon this slab which was cracked and the earth under one corner of which had been washed out by the rain, and that the slab broke off causing her to fall and receive the injuries of which she complains.   The defendant appeals from the denial of his motion to set aside the verdict in favor of the plaintiff and for claimed errors in refusing to charge the jury as requested and in the charge as given.

The complaint alleged that the slab of concrete which was alleged to be defective was not a part of the premises leased to the plaintiff but was retained in the control of the landlord for the common use of all the tenants of the house.   The court charged the jury that upon the question of the defendant's duty to keep this slab in a safe condition the test was not so much whether it furnished a common approach to both tenements as it was whether or not the defendant retained control of it, and while expressly stating that the jury were not to be governed by its opinion, told them that it thought they would be justified in finding from the evidence that the slab was within the control of the

defendant. The generally accepted rule that, while a landlord is not bound to keep in repair the premises demised in a lease, that duty does rest upon him as to passageways, halls or other portions of the premises reserved for the common use of several tenants, is based upon the fact that such portion of the premises is not a part of the leasehold estate of any tenant but is retained by the landlord under his own control. The ultimate question was, therefore, as the court correctly told the jury, whether or not this cement slab was a portion of the premises covered by the plaintiff's lease. That there were no other tenants, aside from the landlord and the plaintiff, and therefore no common use of this approach by a number of tenants, does not require the conclusion that it was not the landlord's duty to keep it in repair. *Gibson* v. *Hoppman*, 108 Conn. 401, 407, 143 Atl. 635. Upon the undisputed physical facts this cement slab was obviously designed and used as a common approach to the two tenements in this house, and the only permissible conclusion that could be reached upon the evidence was that it was not a part of the leased premises but was retained by the landlord under his control. The court quite properly told the jury that they would be justified in so finding.

The plaintiff testified that she had been a tenant in this house for more than a year at the time of the accident, and that the slab had been cracked ever since she moved into the house. The defendant's motion to set aside the verdict was based in part upon his claim that upon these facts the plaintiff had assumed the risk of a defect in the premises which was in existence when she rented them, and he also predicates error upon the failure of the court to charge the jury upon the doctrine of assumption of risk. The defendant did not request the court to charge the jury upon the doctrine of assumption of risk, and upon the undisputed facts of

the case the plaintiff did not assume the risk of injury arising from a defect in this cement slab. Ordinarily the landlord is not liable for an open, visible and dangerous structural condition in the leased premises, in existence when the tenant took possession. As to such an existing condition the tenant assumes the risk since he takes the premises as he finds them except for secret structural defects unknown to him but known to the landlord. *Valin* v. *Jewell,* 88 Conn. 151, 156, 90 Atl. 36. This is the rule applicable to demised premises which under the lease pass from the control of the landlord to that of the tenant. It has also been held that the tenant is deemed to have assumed the risk of the structural condition of the building as it would appear to be to a person of ordinary observation when his tenancy began, and therefore that the landlord is under no obligation to make structural changes to remedy obvious defects in the plan of construction. See authorities cited in *Gibson* v. *Hoppman, supra,* p. 410. In Massachusetts and a few other jurisdictions the liability of the landlord appears to have been still further limited to such defects in the portion of the premises retained under his control as came into existence subsequent to the commencement of the lease. These decisions seem to hold that the duty of the landlord extends no further than to use ordinary care to keep these portions of the premises in the condition in which they were in when the tenant took possession. *Woods* v. *Naumkeag Steam Cotton Co.,* 134 Mass. 357; *Quinn* v. *Perham,* 151 Mass. 162, 23 N. E. 735; *Andrews* v. *Williamson,* 193 Mass. 92, 78 N. E. 737. The great weight of authority is otherwise. "The Massachusetts rule is not followed elsewhere for in almost all the States it has been held that the landlord's responsibility extends not only to keeping the passageway and halls in the condition they were in

when the lease was signed but in keeping them in good repair and safe condition." 2 Underhill on Landlord & Tenant, § 493, p. 814. "As applied to the plan of construction this position [the so-called Massachusetts rule] is sound. . . . But the application of this doctrine to repairs made necessary by wear, breaking or decay is opposed to the great weight of authority. . . . The owner must exercise due care to keep in reasonably safe repair, stairways and passageways which remain under his own control." *Miller* v. *Hooper,* 119 Me. 527, 529, 112 Atl. 256. The cases are collected in annotations in 25 A. L. R. 1273, 39 A. L. R. 294, and 58 A. L. R. 1412. Our own cases have uniformly held that the landlord was obligated to use reasonable care to keep the approaches to his building over which he retained control reasonably safe for the use of his tenants. *Gallagher* v. *Button,* 73 Conn. 172, 177, 46 Atl. 819; *Koskoff* v. *Goldman,* 86 Conn. 415, 424, 85 Atl. 588; *Gaucso* v. *Levy,* 89 Conn. 169, 93 Atl. 136; *Stevens* v. *Yale,* 101 Conn. 683, 127 Atl. 283; *Reardon* v. *Shimelman,* 102 Conn. 383, 386, 128 Atl. 705; *Vinci* v. *O'Neill,* 103 Conn. 647, 131 Atl. 408; *Farguet* v. *DeSenti,* 110 Conn. 367, 148 Atl. 139. This duty exists at the time the lease is executed, and ordinarily negatives any assumption by the tenant of a risk resulting from its breach by the landlord. The defect in the cement slab was not the result of a faulty plan of construction, but due to a lack of repair of a portion of the premises retained under the control of the landlord, and for the results of which he was responsible.

The defendant assigns as error the failure of the trial court to charge the jury in compliance with several of his requests as to the duty resting upon the plaintiff to exercise due care, and further claims that upon the facts the plaintiff was guilty of contributory negligence as a matter of law, and that for that reason the verdict

in her favor should have been set aside. It was the contention of the defendant that, because of the plaintiff's use of this slab during her tenancy and her knowledge that it was cracked, she was negligent as a matter of law in stepping upon it at all when she could have avoided doing so by using the front entrance to the house or by stepping off the rear verandah on either side of the slab, and he requested the court to charge the jury that if they found the plaintiff had no reasonable excuse for her failure to thus avoid stepping on the slab their verdict should be for the defendant. The court charged the jury that the plaintiff was not bound to go to the front door or go down off the side on the grass if a reasonably prudent person would not have done so. This was correct. Even if she knew that the slab was defective and that there was another method of exit from the house that was safer, she was not negligent if as a reasonably prudent person she had a right to believe and did believe that she could go where she did in safety using due care. *Gibson* v. *Hoppman,* 108 Conn. 401, 404, 143 Atl. 635; *Blake* v. *Waterbury,* 105 Conn. 482, 484, 136 Atl. 95. "The mere fact that a tenant is aware of the defective condition of a portion of the premises which it is the duty of the landlord to repair does not as a matter of law make it contributory negligence to continue to use the same if it reasonably appears that he might safely do so with the exercise of care." 16 R. C. L. 1049. The plaintiff testified that she had passed over this slab in safety practically every day of her tenancy and at the time of her injury she was watching her step to see where she was going. The question of her contributory negligence was one of fact for the jury under proper instructions from the court. The charge as to the care which the plaintiff was bound to exercise under the circumstances was unexceptionable and covered such

of the defendant's requests as he was entitled to have given. This is also true as to the defendant's requests to charge upon the subject of damages.

There is no error.

In this opinion the other judges concurred.