## JULIA ANASTASIO
*vs.*
## CONNECTICUT SAVINGS BANK

Superior Court       New Haven County       File No. 54028

## MEMORANDUM FILED FEBRUARY 2, 1939.

*John A. Mele,* of New Haven, for the Plaintiff.

*D. L. O'Neill,* of New Haven, for the Defendant.

ELLS, J.   The stairway upon which the tenant fell was a common stairway, the control of which was exclusively in the owner.   It was the sole and only means of access to the plaintiff's tenement.

The landlord's legal duty was to use reasonable care to keep this stairway reasonably safe for the use of the tenants.   The evidence, and particularly a careful inspection by the court, revealed a perilously steep stairway, structurally, and a narrow step so badly worn as to be a menace to the safety of anyone using it.   Both of these unsafe conditions had existed for a long time.   Extraordinary care would be required for a safe passage.   There was a violation of the owner's common-law duty.

There is an ordinance of the City of New Haven, obviously intended as a safety ordinance, designed to proportion the width

of the tread to the height of the riser so as to prevent too great steepness, and to provide a reasonable width of tread so as to give proper support to the feet of those using the steps. There is another safety ordinance concerning handrails. There was a clear violation of both ordinances.

The stairway is too steep to be reasonably safe. The treads are too narrow to give proper support to those using the steps. In addition, the step upon which the plaintiff fell had a nose so sharply worn down, pitched, smooth and slippery as to constitute an unsafe condition. The combination of the three defects presents something pretty close to a nuisance.

The defendant claims "that where a structural condition which is open and obvious exists at the beginning of tenancy and where an alteration of the plan of construction would have to be made to remedy it, that the tenant assumes the risk thereof as a matter of law" and cites *Brandt vs. Raskauskas,* 112 Conn. 69. If such interpretation of the decision is correct, this rule would not apply to the worn step; nor to a case involving the direct violation of an ordinance.

It seems clear that the landlord, knowing that this was a dangerously steep stairway and that the treads were much too narrow to be safe, should have kept it in reasonably good repair. Instead, he allowed the already dangerous stairway to become even more dangerous by allowing the nose of the tread of this step to become worn and slippery.

The defendant vigorously contends the plaintiff is guilty of contributory negligence, but does not specify acts of negligence. Having gone up and down these stairs several times, I realize how very easy it would be for a person using ordinary care to slip and fall. The greatest care and caution is required; ordinary care would not be enough. She has the burden of proving freedom from contributory negligence. This she has done by her own testimony, supported by the physical facts. I fail to find anything in her conduct at the time she fell which indicated a lack of ordinary care.

Judgment is for the plaintiff for $1,713.81.