## Lindsey v. Kentucky Development Co.

June 19, 1942.

254

S. J. Stallings for appellant.

Morris & Garlove for appellee.

OPINION OF THE COURT BY SIMS, COMMISSIONER—Affirming.

The appellee and defendant below, Kentucky Development Company, owned a group of some fifteen buildings containing several hundred apartments located at Franklin and Fenley Avenues in Louisville, known as Green Tree Manor Apartments. The buildings are designated by letters and the apartments are numbered, thus D-10 indicates a person's address is apartment 10 in building D.

The buildings are so located as to have spacious lawns upon which the children who live in the apartments were allowed to play. Each building contained three areaways, or window-wells, one in front and two in the rear, for the purpose of furnishing light and ventilation to the basement. These window-wells are constructed of concrete with crushed stone in the bottoms and are about 54 inches long, 24 inches deep and 30 inches wide, and are not covered or protected in any manner. They are attached to the foundation and their concrete frames rise some four inches above the level of the ground. The one involved in this action is in front of building A directly under a first story window and was bordered by an "edged" or cultivated space in which three shrubs were planted, presumably to prevent the window-well detracting from the appearance of the building and the grounds.

Joyce Ann Lindsey, an 8 year old girl, resided with her parents, who rented apartment D-10. Joyce had lived in this apartment almost a year before suffering the accident of which she complains and was familiar with the buildings and the grounds. However, she testified she had never noticed the window-wells and did not know they existed before she was hurt.

Between 6:30 and 7 o'clock in the evening of August

28, 1939, she was in front of building A with Janice Crabtree, a girl about her age, waiting for another child who lived there to finish her dinner and join them. Mr. James C. Davenport was in his apartment at a first story window just above the window-well watching a tennis game and Joyce approached the window to talk to him. Janice, at the entrance to the building, called to Joyce, who at the time had one foot on the concrete coping of the window-well and in turning to go to her, Joyce's foot slipped and she fell into the window-well sustaining rather severe injuries to her right leg.

Through her mother as next friend, Joyce brought this suit against the Kentucky Development Company for $2,500 personal injuries and $37 doctor's bill. In her petition as amended she charged that as a tenant of the defendant she had the right to play on the grounds which were rented in common to her and other tenants in connection with their apartments; that the defendant retained control over the grounds and it was duty bound to maintain them in a reasonably safe condition for the use of all tenants, but that it negligently allowed this window-well to remain uncovered and in a dangerous condition, which resulted in plaintiff's injury. Upon the conclusion of all the evidence the court instructed the jury to find for the defendant, which is the error assigned for reversal; also, it is insisted that newly discovered evidence entitled plaintiff to a new trial.

The general rule is that the tenant takes the premises as he finds them and a landlord is not liable for injuries to the tenant or his property because of defects in the leased premises, in the absence of a contract or warranty as to the condition of the premises or to repair same, and where the landlord is guilty of no fraud or wilful wrong. This rule applies to any person occupying the premises during the term of lease through or in privity with the tenant. 32 Am. Jur. Sec. 662, p. 526; American Law Inst., Restatement, Torts, 2 Vol. Secs. 355, 356, pp. 966, 967. In 2 McAdam on Landlord and Tenant, Sec. 310, p. 1315, it is said:

"The maxim caveat emptor applies, and the lessee takes the risk of condition unless he protects himself by express covenant. In other words the tenant takes the premises 'for better or for worse,' and cannot complain that they were not constructed differently."

This has long been the rule in this jurisdiction. Franklin v. Tracy, 117 Ky. 267, 77 S. W. 1113, 78 S. W. 1112, 25 Ky. Law Rep. 1409, 1909, 63 L. R. A. 649; King & Metzer v. Cassell, 150 Ky. 537, 150 S. W. 682, 42 L. R. A., N. S., 774; Lyde Roland v. Dan M. Griffith, Sr., 291 Ky. 248, 163 S. W. (2d) 499.

But appellant relies upon the well-known exception to this rule which is that where the landlord retains control of a certain part of the demised premises for the common use and benefit of a number of tenants he must exercise ordinary care to maintain same in a reasonably safe condition. Richmond v. Standard Elkhorn Coal Co., 222 Ky. 150, 300 S. W. 359, 58 A. L. R. 1423; Home Realty Company v. Carius, 189 Ky. 228, 224 S. W. 751; Offutt v. O'Leary, 204 Ky. 726, 265 S. W. 296; Cohen v. White, 206 Ky. 209, 266 S. W. 1078. This exception to the general rule that the tenant takes the premises as he finds them is usually applied to stairs, hallways, entrances, etc., and is based upon the landlord's negligence, and does not extend to defects existing by reason of the plan of construction of the premises, which were open and visible at the time the tenant leased them, but relates to repairs made necessary by wear, breaking and decay. Miller v. Hooper, 119 Me. 527, 112 A. 256; Brandt v. Rakauskas, 112 Conn. 69, 151 A. 315.

The Massachusetts rule is that all the landlord need do is to use ordinary care to keep the premises in the condition or repair they were in when he leased them, and he is not bound, unless it is expressly so stated in the lease, to change the construction to render access more convenient or more secure. Moynihan v. Allyn, 162 Mass. 270, 272, 38 N. E. 497; Angevine v. Hewitson, 235 Mass. 126, 126 N. E. 425; Kirby v. Tirrell, 236 Mass. 170, 128 N. E. 28. Although the great weight of authority is against the Massachusetts rule and is in accord with our rule that the landlord must exercise ordinary care to keep the premises reasonably safe over which he retains control, yet the Massachusetts rule when applied to the plan of construction or to structural defects is sound. Miller v. Hooper, 119 Me. 527, 112 A. 256; Brandt v. Rakauskas, 112 Conn. 69, 151 A. 315. The cases are collected in annotations in 25 A. L. R. 1273; 39 A. L. R. 294; 58 A. L. R. 1412 and 1430; 75 A. L. R. 154; 97 A. L. R. 220.

In the instant case it is not contended that the land-

lord permitted the premises over which it retained control to get out of repair, or that the window-wells are a concealed hazard, but it is urged that their structural plan was unsafe where children were permitted to play on the lawns. While against the foundation, these window-wells were in plain view and the tenants must have seen them when renting their apartments. Furthermore, the usual and customary manner in constructing apartments and other such buildings with large basements is to light and ventilate them with window-wells similarly constructed and located as were these. In such circumstances, and where they are not in close proximity to a walkway, it cannot be said there is any evidence that the landlord negligently failed to maintain the premises under its control in a reasonably safe condition. Therefore, we conclude that the trial judge properly directed the jury to find for the defendant.

The newly discovered evidence which appellant relies upon for a new trial, as disclosed by the affidavits filed, is to the effect that in the opinion of the affiants these uncovered window-wells are a menace to children playing on the premises, which condition could have been corrected by covering them with screens or grates. The affidavit of the child's mother gives as the only reason why such evidence could not have been discovered before trial was that the family moved from Louisville in January, 1940, to reside in South Carolina and did not return until the day before the trial on June 4th, and the new evidence "could not have been discovered before the trial by the exercise of ordinary diligence of her or her attorney."

Waiving and not considering the competency of this alleged newly discovered evidence, it could be but cumulative and is not of a decisive character calculated to render a different result reasonably certain on another trial. Hence, it was not sufficient to authorize the court to grant a new trial. Benge's Adm'r v. Marcum, 194 Ky. 121, 238 S. W. 174; Holliday v. Tennis Coal Co., 264 Ky. 371, 94 S. W. (2d) 657; Stephens v. Epperson, 283 Ky. 31, 140 S. W. (2d) 656.

Also, the affidavit of Mrs. Lindsey did not state facts showing she or her attorney could not have discovered this evidence, other than the fact she and her family left Louisville four months after the accident and did not return until the day before the trial. It merely stated

her conclusion that it could not have been discovered either by her or her attorney by the exercise of reasonable diligence, and does not contain a statement of fact showing what she or her attorney did to discover or produce this evidence. It was not enough for her to aver she or her attorney could not have discovered this evidence by ordinary diligence but she should have stated what effort was actually made by them. Vaughn v. Taylor, 288 Ky. 558, 156 S. W. (2d) 836, 839; Woltering v. Weber's Adm'x, 253 Ky. 55, 68 S. W. (2d) 440; Cincinnati, N. O. & T. P. Ry. Co. v. Snow, 284 Ky. 58, 143 S. W. (2d) 863.

The judgment is affirmed.

Whole court sitting.