## Clary v. Hayes et al.

Sept. 25, 1945.

854

Harold R. Marquette for appellant.

Lawrence S. Grauman for appellees.

OPINION OF THE COURT BY JUDGE HARRIS—Affirming.

This is an appeal from an order of the Jefferson Circuit Court, Common Pleas Branch, Second Division, sustaining Alice Hayes' demurrer to, and dismissing, the plaintiff's thrice amended petition.

The original petition named only Alice Hayes, Mary E. Pascale and J. Sudask as defendants. So far as pertinent to our inquiry its allegations are these:

"The plaintiff, Mary A. Clary, says the defendants Alice Hayes and Mary E. Pascale, are now and were at all of the times mentioned herein, the owners and in possession of the real estate herein mentioned, known as 123½ West Market Street, Louisville, Kentucky; that prior to August 18, 1943, the defendant, J. Sudask, rented from his codefendants, Alice Hayes and Mary E. Pascale, a flat located on the first floor of said premises and on August 18, 1943, defendant Sudask sub-rented to Mary Spence, mother of this plaintiff, certain portions of said premises, including the room that later collapsed with this plaintiff as hereinafter set out.

"Prior to August 18, 1943, the then tenant of said premises in order to provide additional living quarters for himself and future tenants, installed a horizontal partition separating the upper part of one of said rooms from the lower part, thereby making two sleeping rooms instead of one, and said partition was constructed and maintained and said upper space was used as a bedroom with the full knowledge of the defendant owners.

"On August 23, 1943, while this plaintiff was rightfully on said premises, in that she was there by the invitation of her mother to assist her to move, and while she was in said upper room attending to her said duties said partition gave way and collapsed, thereby causing plaintiff to fall (and here she described her injuries, damages, etc.)

"Said partition or floor was constructed and maintained in an unsafe, insecure and dangerous way and manner, which condition was well known to each of the defendants, or could have been known to them by the exercise of ordinary care, and said accident and injuries were caused and brought about by reason of the carelessness and negligence, and gross carelessness and negligence of the defendant Sudask, in person, and by reason of the negligence and carelessness, and the gross negligence and carelessness of the defendant owners in constructing and maintaining said premises in an unsafe, insecure and dangerous condition.

"Wherefore: Plaintiff prays judgment against each defendant, etc."

Mrs. Pascale was not served with summons and did not enter her appearance. Mr. Sudask filed an answer in

which he denied each and every allegation in the petition, and it has never been responded to by the plaintiff. Mrs. Hayes filed a general demurrer, which was sustained. Thereupon the plaintiff filed an amendment in which she reiterated each allegation of her original petition and further plead:

"That said condition of said premises described and set out in the petition, with full knowledge of the defendant owners, the landlord, and each of them, their agents, servants and employees, existed long before said premises were leased to the defendant Sudask."

Mrs. Hayes' demurrer having been sustained, the plaintiff filed a second amendment. By this amendment she alleged that at all times mentioned L. L. Colvin and J. B. Nicholson were the agents of the owners and charged with the duty to, and that on authority of the owners they did make all necessary repairs and alterations; that the partition complained of was constructed and maintained in an unsafe, insecure and dangerous manner; that this condition was concealed from her by each of the defendants; that she did not know of such condition and could not have known thereof by the exercise of ordinary care. She closed her pleading with a prayer that she also recover of Mr. Colvin and Mr. Nicholson.

Mr. Colvin and Mr. Nicholson filed no pleading, but Mrs. Hayes demurred. Upon consideration the court sustained the demurrer, and thereupon the plaintiff filed her third and final amendment, alleging therein that Mrs. Hayes was general agent for Mrs. Pascale in the supervision and maintenance of the property; that by reason of such agency service of summons upon her was sufficient as a service upon Mrs. Pascale; that Colvin and Nicholson were rental agents for the owners; that the partition complained of was constructed with the knowledge, consent and approval of all of the defendants; that the partition was constructed without permission from the Building Inspector of the city of Louisville and in violation of the city's building code and safety ordinances, as well as in violation of the city's fire prevention ordinances, thus making the defendants guilty of negligence as a matter of law.

Mrs. Hayes' demurrer having been sustained and

the plaintiff having declined to plead further, the court entered the order of dismissal mentioned above.

In the outset of a consideration of the suffciency of the plaintiff's petition, it will be noted that it is not alleged that the defendant owners had retained or that they exercised or had any control over that portion of the premises in which the partition complained of had been constructed, or that they made any representations or warranty with respect thereto. According to the allegations of the petitions, the defendant Sudask was the lessor and the plaintiff's mother, whose invitee or guest the plaintiff was at the time of the accident, was the lessee, and thus, strictly speaking, Sudask was the landlord and plaintiff's mother was the tenant. In addition to all this the petitions affirmatively establish that the partition was constructed by a tenant or lessee of the premises, and not by the defendant owners. In view of these considerations the cited cases of Louisville Gas & Electric Co. v. Nall, 178 Ky. 33, 198 S. W. 745, 751, and Owens et al. v. Clary, 256 Ky. 44, 75 S. W. 2d 536, are not in point.

In the Louisville Gas & Electric Co. case the plaintiff was the tenant of a certain dwelling. In her petition she alleged, and upon the trial her testimony was to the effect, that without request or authority from her an electric company and a plumbing company entered the premises and did work upon certain gas pipes, in connection with which they left the floor of one of the closets in an unsafe and dangerous condition, whereby she was injured, etc. In fine, the question of the landlord's liability to his tenant, or to the invitee of his tenant, was in nowise involved or passed upon. And that portion of the opinion which is quoted in plaintiff's brief, to-wit: "The sole test of the right of the plaintiff to go to the jury in negligence cases is, was there evidence or reasonable inference therefrom to show that the defendant or defendants committed the act or acts of negligence complained of, and that the plaintiff was injured thereby?" constitutes no authority in support of plaintiff's argument that her petition states a cause of action against the defendant owners.

This is so because in the cited case the persons sought to be held liable were those who had created the condition complained of; whereas in the instant case

there is no allegation nor reasonable inference that the defendant owners constructed, or procured the construction, of the partition complained of.

The case of Owens v. Clary was one between an independent contractor and the owner of the premises. The relationship of landlord and tenant, or the question of a landlord's obligation to his tenant, or to the latter's invitee, was not before the court for consideration.

The general rule which prevails in Kentucky, and in most of the other jurisdictions with respect to the landlord's liability to the tenant, is thoroughly stated in Lindsey v. Kentucky Development Company, 291 Ky. 253, 163 S. W. 2d 499, 500, from which we quote:

"The general rule is that the tenant takes the premises as he finds them and a landlord is not liable for injuries to the tenant or his property because of defects in the leased premises, in the absence of a contract or warranty as to the condition of the premises or to repair same, and where the landlord is guilty of no fraud or wilful wrong. This rule applies to any person occupying the premises during the term of lease through or in privity with the tenant. 32 Am. Jur. sec. 662, p. 526; American Law Inst., Restatement, Torts, 2 Vol. secs. 355, 356, pp. 966, 967. In 2 McAdam on Landlord and Tenant, sec. 310, p. 1315, it is said: 'The maxim caveat emptor applies, and the lessee takes the risk of condition unless he protects himself by express covenant. In other words the tenant takes the premises "for better or for worse," and cannot complain that they were not constructed differently.' This has long been the rule in this jurisdiction. Franklin v. Tracy, 117 Ky. 267, 77 S. W. 1113, 78 S. W. 1112, 25 Ky. Law Rep. 1409, 1909, 63 L. R. A. 649; King & Metzer v. Cassell, 150 Ky. 537, 150 S. W. 682, 42 L. R. A., N. S., 774; Lyde Roland v. Dan M. Griffith, Sr., 291 Ky. 248, 163 S. W. 2d 496, decided June 16, 1942."

The rule with respect to the liability of the landlord to an invitee or guest of the tenant is not different. 32 Am. Jur. sec. 656, p. 529, expresses it thus:

"At common law, subject to certain exceptions, the occupier or tenant, and not the landlord, is liable for injuries to a third person on or off the premises caused by the condition or use of the demised premises. It is the

well-settled general rule that the duties and liabilities of a landlord to persons on the leased premises by the consent of the tenant are the same as those owed to the tenant himself. For this purpose they stand in his shoes. This rule applies to the tenant's wife or child. Where the tenant has no redress against the landlord, those on the premises in the tenant's right are likewise barred. Visitors, customers, servants, employees and licensees in general of the tenant are on the premises as guests, etc., of the tenant, and not of the landlord. Whatever rights such invitation or license from the lessee may confer, as against such lessee, as against the lessor it can give no greater rights than the lessee himself has. Accordingly, it is a general rule that the landlord is not liable to persons on the premises in the right of the tenant for injuries from defects in the condition of the demised premises. This rule applies to the tenant's wife or child or to other members of his family. It also applies to the tenant's employees, even though the property is leased for a business purpose such as a mill or factory, or for a business purpose such as a store, a lease of which contemplates an invitation to the public to enter for the transaction of business.

"The rule that the landlord is not liable to persons in the right of the tenant for injuries from defects in the condition of the demised premises applies also to structural defects. * * *"

True there is an exception to this rule in those instances in which the landlord retains control of a certain part of the demised premises for the common use and benefit of a number of tenants. In such cases he must exercise ordinary care to maintain same in a reasonably safe conhition. Richmond v. Standard Elkhorn Coal Co., 222 Ky. 150, 300 S. W. 359, 58 A. L. R. 1423; Home Realty Company v. Carius, 189 Ky. 228, 224 S. W. 751; Offutt v. O'Leary, 204 Ky. 726, 265 S. W. 296; Cohen v. White, 206 Ky. 209, 266 S. W. 1078.

The plaintiff's petition is not sufficient in its averments to bring her case within the exception.

It is plaintiff's contention, however, that the petitions, alleged violation of the ordinances of the city of Louisville is sufficient to avoid the general rule, and in support of this contention she cites and relies upon McGee, Judge, v. Kennedy, 131 Ky. 27, 114 S. W. 298, 302.

860 

In that case the Board of Public Safety undertook to grant to the owners of a certain lot permission to erect a theatre building in violation of the safety ordinance of the city. When the matter came before the court it was held that the ordinance constituted a proper exercise of police power and that the owner was liable to a prosecution for a violation of the ordinance by him, notwithstanding the permit which had been improperly granted by the Board of Public Safety. The question of the owner's liability for interior repairs which are made by a tenant on his own motion and for his own convenience while he is in exclusive possession of the premises, or the question of the owner's liability to an invitee of a tenant under the circumstances supposed, was not before the court and no opinion was expressed with respect to the landlord's liability under such a state of.facts. In short, plaintiff's cited case is not in point.

It is doubtful that the mere erection of a partition in one room of a building constitutes such a structural repair, change or improvement as is contemplated by the ordinance. And in any event the making of such a minor alteration or addition, if made for his own convenience by a tenant in exclusive possession and occupancy of the premises, would not have the effect of depriving the owner of his defense under the rule, supra, even though the tenant had not complied with the city ordinance.

Since we are not disposed to depart from the generally accepted rule, which we have ever followed, a formal consideration of the plaintiff's cited foreign authorities to the contrary becomes unnecessary.

Judgment affirmed.