## Dixon v. Wootton.

April 30, 1948.

C. A. Noble for appellant.

Napier & Napier, C. W. Napier, Faulkner & Faulkner, W. E. Faulkner and Don Ward for appellee.

OPINION OF THE COURT BY STANLEY, COMMISSIONER —Reversing.

Appellant as plaintiff sought to recover for injuries resulting from a fall on a stairway leading from the street level to the second floor of a building owned by appellee. At the close of plaintiff's evidence the Court sustained defendant's motion for a directed verdict. To test the ruling appellant prosecutes appeal.

The lower floor of the building, located in Hazard, was occupied by two mercantile establishments. A stairway led from the street level to the second floor between the two stores. The second floor was occupied by the owner and three or four tenants. One of these is the father of appellant, who occupied one room as a law office and others as living quarters.

Appellant, about 38 years of age, had served during the last War in the Navy. He was still in the service but on leave, visiting in Hazard during the latter part of January 1946. He had visited his father's quarters several times during his leave. On the particular occasion he had gone there, but had left to meet some member of his family at the railroad station. He then returned to the building intending to see his father, and as he stepped on the third tread from the bottom a part of the step broke off and he fell to the floor level. According to his testimony and that of his attending physician, he received severe and permanent injuries.

Following his fall, an examination was made of the third step, and it was found that there was an old break which had been repaired. A small piece of the tread had broken off and was hanging by one of the three nails which had been used in repairing it. This strip of wood was about 22 inches in length, one inch in thickness and ran from about 2 inches to a feather point in width.

Appellee testified on cross-examination that he knew of the "crack" in the step, and that it had been there for more than 15 years. He did not know what had caused the crack, and had not made the repair. Another witness said that in 1937 or 1938, while moving a large safe down the steps, it slipped and broke the piece off the step.

The Court in sustaining the motion for peremptory said: "It seems that in this case the plaintiff is in the position of a licensee, and the owner of the building owed him no duty to keep the premises in repair. As I understand it, a licensee is one who enters the building on his own business or pleasure, and not on any business connected with the owner. There is another line of cases relating to the duty of the landlord who rents the building and reserves the stairway for his own use and

the use of his other tenants. It seems to me that in those cases he is under a duty to keep the reserved portion of the building in repair for the benefit of his tenants and those in privity with them. In this case I do not regard the plaintiff in privity with his father, and the plaintiff is thrown in the position of licensee, to whom the defendant owed no duty."

In his statement the court correctly stated that the landlord was under the duty to keep the premises in repair for his tenants and such persons on the demised premises in the right of the tenant, but the court was wrong in its application.

The general and almost universal rule is succinctly stated in Restatement of the Law, "Torts," Vol. 2, Sec. 360: "The possessor of land who leases a part thereof and retains in his possession any other part which the lessee is entitled to use as appurtenant to the part leased to him, is subject to liability to his lessee and others lawfully upon the land with the consent of the lessee * * * for bodily harm caused to them by a dangerous condition upon that part of the land retained in the lessor's control, if the lessor by the exercise of reasonable care could have discovered the condition and the unreasonable risk involved therein and could have made the conditions safe."

In Note (d) under that section it is stated in substance that "on the land with the consent of the lessee," includes those coming upon the retained part of the premises by consent of the lessee whether as his business visitors or as his gratuitous licensees, but excluding those entering the premises in the exercise of a privilege which does not depend upon the lessee's consent. "Stairways, halls, elevators and other common approaches to an apartment or office are provided not only for the use of the lessee, but for the use of such persons as the lessee chooses to receive in his apartment or office."

This rule is likewise stated in 32 Am. Jur., Landlord & Tenant, Sec. 688, citing Richmond v. Standard Elkhorn Coal Co., 222 Ky. 150, 300 S. W. 359, 58 A. L. R. 1423; King v. Cassell, 150 Ky. 537, 150 S. W. 682, 42 L. R. A., N. S., 774. In the latter case we fully recognize the rule relating to the duty of the landlord to

keep in repair parts of the building reserved for the common use of tenants, and show the general rule to be that the landlord owes the same duty to those who are on the premises in the right of the lessor, or as stated in the various cases, licensees of the tenant.

We recognized the rule as applying to an employee of the tenant in Nash v. Searcy, 256 Ky. 234, 75 S. W. 2d 1052, and stated the general principle to be that the owner of a building who leases it to different tenants and impliedly reserves portions such as stairways and passways for the use in common of different tenants, is liable for personal injury to a tenant, or a person in privity, due to defects in the portion of the building under the control of the landlord, provided the person injured is not guilty of contributory negligence.

In Dodson v. Herndon, 147 Ky. 181, 143 S. W. 1011, 1013, wherein a business visitor of one of the tenants was injured by stepping into an open elevator shaft, we said, "If appellant had reserved the hallways and the elevator for the common use of his tenants, their guests and customers, he was required by law to use reasonable care to keep them in reasonably safe condition for use." The judgment was reversed on the ground that there was an issue in proof as to whether or not the landlord had control of the hallways and elevator for the common use of his tenants. That question was not in issue here, either in pleading or proof. It is noted that appellant pleaded that his father had rented four of the rooms on the second floor, and the stairway in question was the only entrance to that floor.

In the recent case of Clary v. Hayes, 300 Ky. 853, 190 S. W. 2d 657, we held that the landlord was not liable for an injury to the daughter of the tenant where the injury had occurred on the leased premises, but pointed out the exception to the rule where the landlord retains control of a part of the leased premises for the common use of his tenants, citing three or more cases wherein the exception had been recognized. The rule is applied in many foreign jurisdictions, and to such an extent as to manifest that our rule is with the majority. See Gibson v. Hoppman, 108 Conn. 401, 143 A. 635, 75 A. L. R. 148; Wilson v. Frankel, Mo. App., 61 S. W. 2d 363; Lyons v. Lich, 145 Or. 606, 28 P. 2d 872; Schaebel .

v. Onseyga Realty Co., 251 N. & S. 280; Coventry Realty Co. v. Welker, 43 Ohio App. 82, 182 N. E. 688.

We have not failed to observe the many cases cited by appellee in furtherance of the rule relied upon to the effect that an owner is under no further duty to a licensee than to see that he is not wantonly injured by any negligent act of the owner. In most, if not all of the cases cited, the chief question was who and when one entering the premises was a licensee or trespasser on property where the relationship of landlord and tenant did not exist, under facts which entered largely into the question of the status of the person injured. Among landlord and tenant cases cited by appellee is Leonard v. Enterprise Realty Co., 187 Ky. 578, 582, 219 S. W. 1066, 10 A. L. R. 238. There we reversed the judgment because under the proof the act causing the injury to plaintiff was his own, and was not attributable to the landlord. It may be noted that the appellant in that case was regarded as either a licensee or an invitee, and not as a trespasser.

In closing, appellee's brief mildly suggested that the court was justified in sustaining his motion for peremptory because appellant admitted that "he had been drinking some liquor." There is no evidence that appellant was under the influence of intoxicating liquor. If the evidence were sufficient, the question as to whether or not the inebriety existed to such an extent as to make him guilty of the failure to exercise ordinary care for his own safety might have been submitted; but the court was not authorized to say as a matter of law that appellant's condition was such as to make him guilty of contributory negligence.

Our conclusion is that the court was in error in taking the case from the jury, hence the judgment is reversed for proceedings consistent herewith.

Judgment reversed.