## PETERS MOTORS, Inc. v. POYNER.

Court of Appeals of Kentucky.

Nov. 16, 1951.

Wheeler & Marshall, Paducah, for appellant.

Richard Bryan, Joe Grace, Paducah, for appellee.

LATIMER, Justice.

Appellee, Raymond Poyner, obtained judgment against appellant in the sum of $2750 as damages for a broken leg sustained while using steps at the rear of his residence which he rented from appellant.

Appellant is here urging as grounds for reversal: (1) The court erred in overruling appellant's motion for a judgment notwithstanding the verdict; (2) the court erred in refusing to direct a verdict for appellant; (3) the damages are excessive.

It is conceded by each party to this action that the vital question goes to whether or not appellee is within the exception to the general rule regarding landlord's liability to his tenant.

Appellee rented the premises from a company known as Carneal and Tichenor at a stipulated rental price. At the time the premises were rented Carneal and Tichenor reserved to themselves certain portions of the building and the yard surrounding the building. They reserved the use of a room on the first floor for an office, a bathroom upstairs, the front entry and the back entry to the building which included the steps to the back entrance. Later appellant, Peters Motor Company, purchased the premises and took possession of same. The record discloses that pursuant to agreement between the Peters Motor Company and appellee, appellee continued as a tenant on the same terms and conditions as agreed to by Carneal and Tichenor, with some modification. Appellant, as had been done by Carneal and Tichenor, continued the operation of the used car lot. There was reserved the use of the hall within the building occupied by appellee to be used as an office. There was also reserved a bathroom upstairs and, according to appellee, the use of the steps to the back porch. The evidence shows that not only the reservation was made but that the steps were actually used by appellant.

The evidence in substance is to the effect that the building was in a bad state of repair, and to such an extent, that appellee, in order to correct the condition, contacted the building inspector for the City of Paducah, who, after visiting the premises, notified the Peters Motor Company that certain improvements as to the front steps and the stairway should necessarily be made. However, nothing was said about the rear steps. Appellee stated that he did not know the rear steps were in a bad state of repair. Appellant testified that he likewise knew nothing about the bad condition of the steps, although there is evidence herein that the general manager of the Peters Motor Company made the remark that no repairs would be made, as the building was in such condition that it would be necessary to tear it down.

We deem it unnecessary to go into that phase of the matter, since the whole case hangs upon the question as to whether or not the facts of this case are such that it does not fall within the exception to the general rule regarding the landlord's liability to his tenant. The exception to the general rule is "that a landlord, who retains in his possession any other part of the leased premises which the lessee is entitled to as appurtenant to the part leased to him, is subject to liability to his lessee and others for personal injury caused to them by a dangerous condition upon that part of the premises retained in the lessor's control." See Lindsey v. Kentucky Development Co., 291 Ky. 253, 163 S.W.2d 499; Restatement of the Law of Torts, Volume 2, Section 360; Dixon v. Wootton, 307 Ky. 338, 210 S.W.2d 967.

The testimony in this case on the part of appellee is that there was a retention or reservation to the lessor of these back steps. However, this was denied by appellant.

We can by no means say, as a matter of law, that the case does not fall within the exception. We think the court properly

895

submitted the matter to the jury. The facts in this case support the verdict as returned.

■ Complaint is made that the court erred in that the instructions did not limit the damage to the evidence. This was properly taken care of by remittitur. See Bank of Commonwealth of Kentucky v. Ashley, 2 Pet. 327, 27 U.S. 327, 7 L.Ed 440.

The proposition as to excessiveness of damages was not pressed in brief. There is no merit here.

The judgment is affirmed.