512

Reba **WHITEHOUSE**, Appellant,

v.

**Chester A. LORCH**, Appellee.

Court of Appeals of Kentucky.

June 9, 1961.

———◆———

Preston L. Terry, III, Louisville, for appellant.

John A. Fulton, Woodward, Hobson & Fulton, Louisville, for appellee.

STEWART, Judge.

Appellant, Reba Whitehouse, a tenant living in property owned by appellee, Chester A. Lorch, brought this action to recover for personal injuries sustained by her when a sycamore tree located on the premises fell on her during a storm. At the conclusion of appellant's evidence, the trial court directed a verdict for appellee and entered judgment dismissing the complaint.

The question presented by this appeal is whether the evidence of appellant, with all the favorable inferences that could be justifiably drawn therefrom, created an issue of fact as to the retention of control over a portion of the premises on the part of the appellee landlord which required the submission of this case to the jury.

Appellant, with her husband and three children, moved into the house owned by appellee at 4545 Poplar Level Road in December, 1957. The lot on which the house is located is 160 feet wide and 250 feet deep. There is a driveway beside the house and a shed on the right rear portion of the lot, beginning about 14 feet behind the house. The sycamore tree in question was 60 to 75 feet tall, two feet in diameter, and stood a distance of 16 to 20 feet back of the house. Appellant's husband rented the property under an oral agreement on a month-to-month basis.

Appellant testified her husband rented only the house and the portion of the yard where her baby played. The place where the baby played was an area immediately behind the house which was enclosed by appellant's husband by a fence that included the sycamore tree. Appellant's clothesline was attached to the tree; her husband, however, mowed the grass on the whole lot and kept his mower and two pet chickens in the shed heretofore mentioned; her husband also put out a small garden at the rear of the lot. Actually, a close reading of appellant's testimony in-

dicates that the Whitehouses were not restricted to any particular portion of the lot but, on the contrary, were free to use any part of it they so desired.

It is undisputed that at the time appellant's husband rented the house he was told appellee was trying to make some disposition of certain portions of the property. The latter, from time to time, would bring prospective tenants to look at the shed and inspect the property in general, hoping to lease the shed or construct another building on some of the vacant land for rental purposes.

On August 15, 1958, appellant noticed that it was starting to rain and went out to take in her wash. While she was so engaged· the sycamore tree fell over, and appellant was knocked to the ground and injured. Appellant testified she knew for several months before it fell that the tree was "rotten." The record discloses that appellee also knew the tree was in a decayed condition. Thus it seems appellant's knowledge of the decomposed state of the tree at the time of her injury was equal to appellee's.

Appellant takes the position that the appellee landlord retained control over that portion of the rented premises on which the sycamore tree was located, which portion she was entitled to use as appurtenant to the part of the property leased to her husband, with the result that appellee was under a duty to keep that area in a reasonably safe condition so as not to endanger the safety of others rightfully on the portion reserved by him. She claims appellee became liable to her for her injury that resulted from a dangerous defect on the land he reserved which he knew about and could have made safe. See *Peters Motors v. Poyner*, Ky., 243 S.W.2d 893; Dixon v. Wootton, 307 Ky. 338, 210 S.W.2d 967; Lindsey v. Ky. Development Co., 291 Ky. 253, 163 S.W.2d 499; and Restatement of Torts, Vol. 2, sec. 360, p. 976.

■ The law in this state relating to the responsibility of a landlord to a tenant for personal injuries sustained by reason of a peril located on the premises leased is succinctly set forth in Cohen v. White, 206 Ky. 209, 266 S.W. 1078:

> "It is the settled law in Kentucky that ordinarily a landlord need not exercise ordinary care to furnish a tenant reasonably safe premises, but the tenant takes the premises as he finds them, and cannot recover for injuries to his person by reason of the defective condition of the premises."

The quoted excerpt is the general rule which appellee asserts should govern under the evidence presented. Appellant relies upon the exception thereto which is predicated upon the idea that appellee had not parted with dominion over the portion of the premises in question and could therefore be subjected to damages for any injury caused to a lessee by a hazard existing on the part of the premises retained.

■ When we apply each of these rules to the facts of this case we believe it is apparent that the month-to-month occupancy· which appellant and her husband had of the premises under discussion gave them the unrestricted use of the whole of the 160 x 250-foot lot and the buildings on it until such time as the landlord and her husband changed the terms of the rental contract by agreement. Obviously this tenancy was not such a use of the premises by several tenants with some portions of the property devoted to common use as is contemplated by the cases which carve out an exception to the general rule of law in Kentucky expressed above.

Had the issue of retained control of the landlord over the portion of the premises in controversy been submitted to the jury a verdict for the tenant would not have been supported by any evidence and this Court would have been required to set such a verdict aside.

Wherefore, the judgment is affirmed.