Samantha PARSON, Appellant,

v.

Stella M. WHITLOW, a/k/a Stella M. Cox, Appellee.

Court of Appeals of Kentucky.

April 24, 1970.

Robert E. Hogan, Louisville, for appellant.

Charles B. Zirkle, Zirkle, Raine & Francis, Louisville, for appellee.

CLAY, Commissioner.

Plaintiff appellant brought this suit to recover damages for personal injuries sustained when she fell down a stairway on premises she rented from defendant appellee. After the plaintiff's deposition was taken and affidavits filed, the trial judge granted defendant a summary judgment on the ground that plaintiff was contributorily negligent as a matter of law.

Plaintiff rented an upstairs apartment with an entrance on the street and a stairway leading up to it. There was a landing near the top. One afternoon plaintiff was descending with a child in her arms. It is difficult to determine from her testimony what caused the fall. Here are extracts therefrom:

"Q. Tell us how this happened in your own words.

"A. Well, I really don't know. She, we came out, down the landing and on, she (the landlady) had * * * stuff piled in one corner and we had to come out the narrow place and somehow I fell down the steps, I mean, we.

"Q. Well, what caused you to fall, this narrow step?

"A. I don't know. I just fell is all I know. I imagine the step, I lost my balance.

"Q. And where did you tear a shoe?

"A. Right down on the lower part of my, the back of my heel. I don't know whether it caught on a nail and I tripped, like I say, it happened too fast to know what happened.

"Q. Let me ask you this, these nails that protruded, they had been protruding since you moved in, had they not?

"A. Yes sir, I hadn't fallen on them any other time though, I can't see why I did that day, but I did.

"Q. Now, when you fell what happened, what happened to you?

"A. Well, I just fell down the steps."

Plaintiff had lived on these premises for over a year. The steps had been in the same condition for that period of time. The protruding nails to which reference was made were left there when mats had been removed.

The evidentiary material appearing in this record fails to disclose any issue of fact with respect to the negligence of the defendant. While it was alleged in the complaint that defendant had violated a city ordinance, the plaintiff's brief disclaims such a violation. Therefore, defendant's liability is controlled by the common law duties owed by a landlord to a tenant.

The plaintiff in her deposition admitted that this stairway constituted a separate entrance to her upstairs apartment and it appears that it was designed for the exclusive use of the upstairs tenant. Though plaintiff states in her affidavit that de-

fendant used the stairway for the storage of certain articles and for the maintenance of her apartment, there is no showing that defendant retained control of the stairway for the benefit of any other tenants.

In Cohen v. White, 206 Ky. 209, 266 S. W. 1078 (1924) the governing principles are thus set forth (page 1078 S.W.):

"It is the settled law in Kentucky that ordinarily a landlord need not exercise ordinary care to furnish a tenant reasonably safe premises, but the tenant takes the premises as he finds them, and cannot recover for injuries to his person by reason of the defective condition of the premises. (Citing cases.)

"An exception to this rule is made, where the landlord leases parts of the property to different tenants, retaining control of the stairways, halls, etc., for the common use of all of the tenants. (Citing cases.) But this exception does not apply if, under the express or implied contract with the tenant, the part of the premises complained of was for the exclusive use of the tenant, and not for the common use of the other tenants."

This rule was restated in Carver v. Howard, Ky., 280 S.W.2d 708, 711 (1955), wherein we observed:

" * * * the landlord is liable only for the failure to disclose known latent defects at the time the tenant leases the premises."

The rule was again restated in Whitehouse v. Lorch, Ky., 347 S.W.2d 512 (1961).

The stairway here involved was a part of the premises rented by the upstairs tenant and was not controlled by the defendant for the use of any other tenant. Assuming there was a defective condition of the stairway which caused the plaintiff to fall (and as we have said the cause of her fall is not at all clear), there is no showing that this was a latent defective condition

and the plaintiff must be held to have taken the premises as she found them. The defendant owed her no common law duty to maintain this stairway in a reasonably safe condition. We have thus concluded that plaintiff's showing failed to present an issue of negligence on the part of the defendant. This justified the granting of the summary judgment. CR 56.03.

It is unnecessary to consider the question of contributory negligence on which the trial judge based his ruling.

The judgment is affirmed.

MILLIKEN, NEIKIRK, OSBORNE, PALMORE, REED and STEINFELD, JJ., concur.