CASE 7—PETITION ORDINARY—JANUARY 26.

# Reed v. Teneyck.

APPEAL FROM KENTON CIRCUIT COURT.

1. INN KEEPERS—LIEN TO SECURE BOARD.—The lien of an inn keeper at common law to secure his pay for keeping guests does not extend to an account for board due him under a special contract; one who comes to his inn to board and sojourn upon a special contract is not a guest but a boarder.

JAMES P. TARVIN FOR APPELLANT.

1. An inn keeper need not have a license in order to retain his common law lien; the case of Southwood v. Meyers, 3 Bush, suggesting a contrary doctrine was decided under the revised statutes, which provided that any person who shall obtain a license therefor shall be deemed a tavern keeper; but under the present statutes, sec. 4224, Kentucky Statutes, it is not necessary to first obtain a license before one can be deemed a tavern keeper.

2. In nearly every State in the Union there is a statutory provision requiring tavern keepers to take out license, but it has never been held in any State except Maine, that failure to take out license deprived the inn keeper of his lien, and it seems to have been generally assumed that the question of license does not affect the question of lien. And the decision in Maine (Lord v. Jones, 24 Me., 439), was under a statute which provided that no person shall be a common inn keeper, except such person be duly authorized therefor, which it will be seen is essentially different from our statute.

B. F. GRAZIANA OF COUNSEL ON SAME SIDE.

WEDEN O'NEAL FOR APPELLEE.

1. Under our statute a hotel keeper must have a license before he can have a lien on the baggage or furniture of his guest, and the appellant having no license could have no lien upon the property in controversy.

[5]

JUDGE WHITE DELIVERED THE OPINION OF THE COURT.

Appellee Belle Teneyck brought this action in a justice court of Kenton county, wherein she sued out an order of delivery for certain articles of personal property in the possession of appellant, and which he refused to surrender to her. Appellant filed answer in the justice court admitting that the articles claimed were in his possession and were the property of appellee, but denied her right to the possession of same, for the reason, as alleged, appellant was the keeper of an hotel, and that appellee was indebted to him for board to the amount of one hundred and ninety-six dollars and that the articles claimed by appellee were all brought to his hotel while she boarded with him and were then there, and that appellant had a lien on same as a landlord and hotel and tavern keeper, to secure the payment of said sum due. His prayer was that the property be sold or so much thereof as necessary to pay his claim.

This answer, and counterclaim bringing in issue an amount beyond the jurisdiction of the justice court, the case was transferred to the circuit court.

In the circuit court appellant filed an amended answer, which only more clearly described his business to be the keeper of transient and traveling persons, and again pleads that appellee engaged board with him and promised to pay for same.

The case coming on for trial a jury was impaneled and appellant moved for judgment on the pleadings, and it being admitted by appellant that he was not a licensed tavern keeper, the court overruled his motion for judgment and gave a peremptory instruction to find for plaintiff, appellee.

Judgment was rendered on the verdict returned in accordance with the instruction and after appellant's motion for a new trial was overruled, he appealed to this court.

The material and only question necessary to a determination of this case is, has the appellant a lien on this property to secure his account for board, which is for a balance due on fifteen months' board, when it is admitted that he was not a licensed tavern keeper.

It is argued that although he was not a licensed tavern keeper, that still he was an inn keeper, and by the common law, has a lien on the property to satisfy his debt. A common inn keeper is defined to be "a person who makes it his business to entertain travelers and passengers, and provide lodging and necessaries for them, their horses and attendants." (Bacon's Abr. Inns and Inn Keepers.)

But it has been held that a man may be an inn keeper though he have no provision for horses. The common law liability of an inn keeper to his guests was very severe. He must receive all comers at a reasonable price. He was liable, *prima facie* for all losses which happened to the goods of his guest. (Kisten v. Hildebrand, 9 B. Mon., 72.) This being the extreme duty of the keeper of the inn, he was likewise given extraordinary rights to secure his pay for keeping the guests, and this was a lien on the goods of the guest to satisfy the account, and he was permitted to retain possession of the goods till compensation was made.

But it is not all lodgers at an inn that were guests under this rigor of the common law. Every person who might stay at an inn could not have the benefit of this law as to the keeper's liability. It is said, "But if a person comes upon a

special contract to board and sojourn at the inn, he is not, in the sense of the law, a guest, but a boarder. (Story on Bailments, 177; Singer Mfg. Co. v. Miller, Supreme Ct. Minn., 21 L. R. A., 229), and it has never been held that we are aware that a lien was given the inn keeper to secure his pay, except where these extraordinary liabilities attached, as well.

From the answer filed, it appears that appellee boarded with appellant for about fifteen months, and it is alleged that this was under a contract made.

So, in our opinion, it makes no difference what was appellant's general business, as to whether he was an inn keeper or not, as to appellee he was not. She was not a guest, as at common law, but a boarder, and appellant was not liable to appellee, as at common law, nor did he, as to appellee, have the right to the common law lien.

As it is not necessary to a decision of this case, we do not determine whether at the present time an inn keeper without license to keep a tavern, has the common law lien as to guests or whether that lien exists only for licensed tavern keepers.

Being of opinion that the appellant, by his answer and admission of no license, showed he had no lien on the goods, we think appellee was entitled to judgment.

Finding no error, the judgment is affirmed.