**Grace E. STARNS, Appellant,**

v.

**Glenn R. LANCASTER, Appellee.**

Court of Appeals of Kentucky.

July 1, 1977.

H. Carlton Buchanan, William I. Markwell, P. S. C., Henderson, for appellant.

Ronald G. Sheffer, King, Deep & Branaman, Henderson, for appellee.

Before WHITE, COOPER and LESTER, JJ.

WHITE, Judge.

This appeal concerns the liability of a landlord for injuries resulting from a fall occurring on the landlord's rental property.

The evidence shows that in August of 1974, the appellee leased to William and Judy Rose a mobile home and lot located in Henderson, Kentucky. The only entrance to the mobile home was by means of a porch and steps. The porch was wider than the steps and had handrails only along the ends. The steps had no handrails at all. There was no outside light on the mobile home.

On August 11, 1975, the appellant, along with Mrs. Rose's father, arrived at the Rose home. She entered the mobile home at about dusk by using the porch and steps. Later that night, at about 11:00 to 11:30 p. m., she left to take some salt and pepper shakers out to her truck. While holding onto the rail with one hand and carrying the shakers with the other, she stepped off the side of the porch and fell to a concrete patio below.

In her complaint, the appellant alleged that appellee was negligent "in maintaining said premises" and further that appellee "knew or reasonably should have known of the existence of certain dangerous conditions existing upon said premises" and that her injuries and damage were the direct and proximate result of the appellee landlord's negligence. No action was filed against the tenants, William and Judy Rose.

After depositions were taken appellee Lancaster made a motion for summary judgment which was granted October 13, 1976. A motion to alter, amend and vacate the summary judgment was made and was overruled on November 3, 1976. This appeal comes from those actions by the trial court. There are no affidavits in the record in favor or in opposition to any of these motions. Neither the summary judgment nor the order state the rule of law upon which they are based.

Appellant contends in her brief that the reason for summary judgment was because the trial court ruled that Grace E. Starns was a licensee at the time of the accident and that Glenn R. Lancaster breached no duty to her; the court ruled that, in any case, she was contributorily negligent. On this appeal, counsel for Mrs. Starns contends vigorously that this court should follow the modern trend and abolish the distinction between licensees and invitees following the lead of *Rowland v. Christian,* 69 Cal.2d 108, 70 Cal.Rptr. 97, 443 P.2d 561 (1968); 32 *A.L.R.3d* 496 (see cases collected in the supplement).

We decline to do so in this case. The facts here clearly lead us to the general rule of law stated in 49 *Am.Jur.2d* Landlord and Tenant § 982, at 954–55 (1970):

> At common law, a tenant in full and complete control of premises which he occupies owes the same duty to persons coming there upon his invitation, express or implied, to keep such premises in a reasonably safe condition as he would if he were the owner, and is prima facie liable for damages proximately caused by defects in or dangers on the premises that reasonably could have been avoided by appropriate care taken by him, irrespective of whose duty it was, as between landlord and tenant, to make such repairs. Such invitees, when seeking redress for injuries sustained by them by reason of defects in the premises, must seek such redress from the tenant and not from the landlord, at least in the absence of any statutory provision making the landlord liable.

The rule is stated in 52 *C.J.S.* Landlord and Tenant § 417(3), at page 33 (1968), as follows:

> As a general rule, a landlord who, without covenanting to repair, and without knowledge of latent defects, puts a tenant into full possession and control of the demised premises, not intended for public purposes, and which are free from defects of construction constituting a nuisance, will not, in the absence of statute, be liable for personal injuries sustained on the demised premises, by reason of the defective condition thereof, by the tenant and others entering on the premises under the tenant's title.

This rule was adopted in our jurisdiction in *Clary v. Hayes,* 300 Ky. 853, 190 S.W.2d 657 (1945) and was re-affirmed in *Mackey v. Allen,* Ky., 396 S.W.2d 55 (1965). No allegations were made and no proof was taken which would place the appellee landlord within any of the numerous exceptions. This being so, appellant has no cause of action against appellee and the summary judgment was properly entered. In view of our holding, we need not reach the issue of contributory negligence.

The judgment is affirmed.

All concur.