787 F.2d 592
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
MILDRED J. ROWAN, Plaintiff-Appellant
v.
CLARENCE D. WEAVER, W. HARRISON REEVES, and EDWARD S.
BLEVINS, individually and as partners of W.R.B.
Associates, Defendants-Appellees,
AMERICAN VIKING CONTRACTOR, INC., a Pennsylvania
Corporation, Defendant.
 85-5501
 United States Court of Appeals, Sixth Circuit.
 3/18/86
 
 AFFIRMED
 E.D.Ky.
 ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF KENTUCKY
 Before: MERRITT and WELLFORD, Circuit Judges; and PECK, Senior Circuit Judge.
 MERRITT, Circuit Judge.
 
 
 1
 We affirm the District Court's order granting summary judgment against plaintiff-appellant Mildred Rowan in her diversity personal injury action. In August 1980, Stewart Boyd was employed by defendant American Viking as equipment manager over mining operations within a 60-mile radius of Corbin, Kentucky. Boyd's work required substantial travel, and Boyd lived out of motels in the area. American Viking instructed Boyd to find a trailer or apartment in order to reduce expenses. Boyd went to the Days Inn in Corbin, where the franchise owners of the Days Inn, the partners of WRB Associates, maintain a trailer park adjacent to the motel.
 
 
 2
 Boyd inquired at the motel registration/about renting a trailer. After looking over trailer number 27, Boyd decided to take the trailer. The motel's assistant manager gave him a blank 'Application to Lease' to be filled out by American Viking. Boyd returned three days later with the blank application and a check for one month's rent, both signed by American Viking. He signed a guest registration card and took up residency in the trailer. Five days later Boyd's former common law wife, plaintiff Mildred Rowan, was visiting Boyd at the trailer. While she was there, she fell from the trailer's porch and was injured. There were no handrails on the porch, which is alleged to be some eight feet high. On July 31, 1981, Rowan filed a diversity action against WRB Associates.
 
 
 3
 This case turns on whether WRB was an innkeeper or a landlord in relation to American Viking (since it paid for Boyd's stay in the trailer). Under Erie Railroad Co. v. Tompkins, 304 U.S. 64 (1938), in a diversity action we must apply the forum state's common law on substantive matters, harsh though it may be. According to Kentucky law, a landlord is generally not liable for injuries sustained by his tenants or his tenants' guests on the leased property. Starns v. Lancaster, 553 S.W.2d 696 (Ky. App. 1977) (declining to alter caveat emptor rule in landlord-tenant situation of fall from mobile home porch). In Kentucky it appears, as the District Court concluded, that a tenant takes rental property as he finds it--caveat emptor--and the tenant, not the landlord, is potentially liable for injuries sustained on the property.[1] However, under Kentucky law an innkeeper may be liable for injuries suffered by his guests. WRB's motion for summary judgment was based on its argument that WRB was a landlord, not an innkeeper. The District Court, finding that there was no genuine issue of material fact, determined that WRB was a landlord and was therefore entitled to judgment as a matter of law. Plaintiff agrees that this result obtains if her case is governed by Kentucky's landlord-tenant law rather than its innkeeper law. Plaintiff agrees that this result obtains if her case is governed by Kentucky's landlord-tenant law rather than its innkeeper law.
 
 
 4
 Rowan argues that a genuine issue of fact exists as to whether WRB was a landlord or an innkeeper. She argues that she should have been allowed to further develop her case in this respect. However, she can point to no further fact, which we consider relevant, that she would develop if given the opportunity. In support of her characterization of the relationship as one of innkeeper-guest, Rowan emphasizes that the trailers and the motel rooms could both be rented through the motel manager, that maid service and repair service were available through the motel for people staying in the trailers, that both the trailers and the motel rooms could be rented on a long- or short-term basis, that no lease was ever filled out or signed for the trailer, that WRB had a general policy of never signing a lease when it rented a trailer, and that the motel assistant manager filled out a guest registration card for Boyd.
 
 
 5
 WRB, in response, emphasizes the fact that Boyd agreed to stay for at least one month, that American Viking paid for one month in advance, and that the trailer park and motel are separate businesses operating under separate names. WRB argues that under Kentucky law when American Viking agreed through Boyd to rent the trailer on a monthly basis it set up a landlord-tenant relationship rather than the ordinary situation of a guest at a motel or inn.
 
 
 6
 In Reed v. Teneyck, 103 Ky. 65, 44 S. W. 356 (1898), the Kentucky Supreme Court defined an innkeeper as
 
 
 7
 a person who makes it his business to entertain travelers and passengers, and provide lodging and necessaries for them . . .. Every person who might stay at an inn could not have the benefit of this law as to the keeper's liability. It is said: 'But, if a person comes upon a special contract to board and sojourn at the inn, he is not, in the sense of the law, a guest, but a boarder.'
 
 
 8
 44 S.W. at 356-57 (quoting 1 Story, Bailments 177). Additionally, in Goodyear Tire & Rubber Co. v. Altmont Springs Hotel Co., 206 Ky. 494, 267 S.W. 555 (1924), the Kentucky Supreme Court cited Reed and contrasted what it perceived to be the law in the majority of American jurisdictions with Kentucky's version of that law.
 
 
 9
 [T]he mere fact of the patron contracting for a definite period of entertainment at an agreed price does not necessarily convert him from being a guest of an innkeeper to a boarder of a landlord so as to reduce the common-law obligations imposed upon his entertainer as an innkeeper, to that of a landlord entertaining a boarder within the rules . . . applicable to such relationships. But the cited Kentucky cases seem to have adopted what might be termed the minority rule: i.e., 'if a person comes (to the place of entertainment) upon a special contract to board and sojourn at the inn, he is not, in the sense of the law, a guest, but a boarder,' since in that case he did not seek refuge at the inn as a transient traveler.
 
 
 10
 267 S.W. at 556 (emphasis added). In Goodyear the court held that a person who stayed at a hotel for one month was a tenant or boarder rather than a guest at the inn, because the court found a special agreement 'to board and sojourn.'
 
 
 11
 In response to the cited authority, Rowan argues that there is no such 'special contract to board or sojourn' in the case at bar. Rowan begins from the premise that no written lease was ever signed, and she concludes that there was no lease or agreement at all. She overlooks the fact that there was obviously some sort of an agreement between Boyd or American Viking and WRB and that this agreement, although unwritten, was not in the nature of the common agreement between an innkeeper and a transient guest. The Goodyear court did not mention a written agreement but stated only that the boarder 'entered into a contract with defendant . . . for a month's board.' 267 S.W. at 556.
 
 
 12
 As emphasized by Rowan, many of the common indicia of an innkeeper-guest relationship are present in this case. However, Kentucky law appears to have singled out one of these indicia--a contract or agreement to board or sojourn--and has made the existence of this factor determinative of the innkeeper-landlord question. The presence of this factor in this case is established by the evidence presented on WRB's motion for summary judgment.
 
 
 13
 If we were writing on a clean slate we might decide this case differently. However, bound, as we are, to apply the law of Kentucky, we must conclude that there is no genuine issue of material fact and that defendants-appellees are entitled to judgment under applicable law. Accordingly, the District Court's order is affirmed.
 
 
 
 [1]
 The parties agree that, if a landlord-tenant relationship existed, American Viking was the tenant. Thus, if WRB and the District Court are correct, Rowan must look to American Viking to recover for her injuries. The record does not disclose the basis upon which American Viking's motion for summary judgment against the plaintiffs was granted, and this appeal does not involve American Viking