**Robert ROGERS and Pamela Rogers, Appellants,**

v.

**Lloyd L. REDMOND and Ruby Redmond, Appellees.**

Court of Appeals of Kentucky.

March 20, 1987.

Theodore Knoebber, Newport, for appellants.

Mark Arnzen and Mary K. Molloy, Covington, for appellees.

Before COOPER, DYCHE and LESTER, JJ.

DYCHE, Judge.

The order and summary judgment appealed from in this case includes a succinct statement of the facts and an excellent analysis of the legal issues herein. We adopt it verbatim as our opinion.

On July 9, 1984, plaintiff [appellant, Robert Rogers] was assisting his brother to

move into an apartment owned by the defendant [appellees] and which the brother had recently rented. In doing so, the plaintiff slipped and fell on an open stairway and suffered injuries. Plaintiff's action is based on alleged negligence of the defendant in failure to maintain their premises and building in a safe condition, and in particular that the defendants failed to maintain a guardrail on the premises in compliance with a city ordinance. Defendant has filed motion for Summary Judgment.

Defendant's motion is founded on the theory that the plaintiffs' remedy, if any, is against the tenant in possession, rather than the landlord. Defendant contends that in the absence of a statute or contract the landlord is not liable to a guest or invitee of the tenant for personal injuries brought about by a patent defective condition.

It is the contention of the plaintiff that defendant is not entitled to summary judgment because:

(a) the tenants here were in the process of moving into the premises and therefore were not in possession; and

(b) that the defendant was in violation of a city of Bellevue ordinance and that this violation was the proximate cause of the injuries to the plaintiff.

A long line of cases in this Commonwealth hold that when a third person is injured on rented premises his cause of action, except for certain situations, lies against the tenant rather than the landlord. In *Starns v. Lancaster*, Ky.App., 553 S.W.2d 696 (1977) the Court reaffirms this rule and quotes extensively from 49 Am.Jur.2d Landlord and Tenant, Sec. 982 at pages 954–955. As pointed out in Am.Jur.:

"Such invitees when seeking redress for injuries sustained by them by reason of defects in the premises, must seek such redress from the tenant and not from the landlord, at least in the absence of any statutory provision making the landlord liable."

In *Starns* the Court refused to abolish the distinction between licensees and invitees and adopted the general rule quoted above.

As to whether the tenant was actually in possession, KRS 383.590 requires the landlord to deliver possession of the premises to the tenant at the commencement of the term. When an agreement of rental is for a present term, as distinguished from a time to commence in the future, the lessee has an immediate right of entry and of possession. It is undisputed and in fact the plaintiffs allege in their complaint that Joe Rogers, brother of the plaintiff, had in fact rented the apartment occupied by Joe Rogers and the site of the accident. Fortifying this conclusion is the deposition of the plaintiff wherein he states, on page 8, that his brother had already rented the house. Clearly, the tenant was in possession of the premises at the time of injury so that the plaintiff must look to him absent any statutory provision to the contrary.

In an effort to preserve his claim, the plaintiff places reliance on the fact that the City of Bellevue had adopted the Life Safety Code and that the defendant, he claims, was in violation of the Code. There is a serious question as to whether the Life Safety Code was, in fact, violated by the defendant. Assuming that it was, however, we are unable to conclude that such violation was the proximate cause of the injuries sustained. Plaintiff cites *Bluegrass Restaurant Company versus Franklin*, 424 S.W.2d 594 (1968) as supporting his position that violation of the ordinance is negligence per se. That Court also points out that "if the injury complained of is one which was intended to be prevented by the ordinance, violation of the provisions of the ordinance must be considered as the proximate cause of the injury." When we examine the ordinance relied on by the plaintiff we cannot conclude that violation of that ordinance, if it did occur, was the proximate cause of the injury here or that the ordinance was intended

to prevent the type of injury here occurring.

An examination of the ordinance in question shows that it is styled a Code for Safety to Life from Fire in Buildings and Structures. Section 1–2.1 states that the purpose of the Code is to establish minimum requirements that will provide a reasonable degree of safety from *fire* in building and structures. Section 1–3.1 states that the Code addresses life safety from *fire and similar emergencies.* Section 1–3.7 states "the prevention of accidental personal injuries during the course of normal occupancy of buildings, personal injuries incurred by an individual due to his own negligence, and the preservation of property from loss by fire have not been considered as the basis for any of the provisions of this Code." In short, the Code makes it clear that it was intended to prevent injuries from fire related causes and, in fact, specifically states that it was not written to prevent injuries to persons during the course of normal occupancy or due to a person's own negligence. The ordinance cannot rescue the plaintiff from the wall of immunity granted to the landlord and the plaintiff must look to the tenant, if anyone, for redress for his injuries.

The judgment of the Campbell Circuit Court is affirmed.

Further, pursuant to 2.(a) of the Order designating the case as a Special Appeal, the application of CR 76.20 and CR 76.32, as well as other appropriate Rules of Civil Procedure pertaining to further appellate steps, are reinstated effective the date of this opinion.

All concur.