**Lilly DUTTON, Appellant,**

**v.**

**Paul D. McFARLAND; and Deveta R. McFarland, Appellees.**

**No. 2005–CA–000618–MR.**

Court of Appeals of Kentucky.

March 17, 2006.

Discretionary Review Denied by Supreme Court Sept. 13, 2006.

---

J. Patrick Kilgore, Bowling Green, KY, for appellant.

Barton D. Darrell, Amanda L. Blakeman, Bowling Green, KY, for appellees.

Before TACKETT, TAYLOR, and VANMETER, Judges.

*OPINION*

VANMETER, Judge.

Lilly Dutton appeals from the Warren Circuit Court's order granting summary judgment in favor of appellees Paul D. McFarland and Deveta R. McFarland in a premises liability proceeding. For the reasons stated hereafter, we affirm.

In March 2004, the McFarlands leased certain property in Bowling Green to Shawna Glass for use as a dog grooming salon. Glass opened the salon at the end of March, and Dutton had her dog groomed there on April 6, 2004. As Dutton exited the salon's front entrance after picking up her dog, she fell and incurred serious injuries to both ankles when she stepped from the front stoop onto the deteriorated and uneven pavement of the parking lot, which was covered by a rug which Glass had washed and left on the pavement to dry.[1]

Dutton filed this negligence action against the McFarlands and Glass, alleging that the premises were unreasonably dangerous and that the McFarlands were negligent per se. The McFarlands eventually filed a motion seeking summary judgment,[2] asserting both that they owed Dutton no duty,[3] and that any dangerous condition was open and obvious. After a hearing the trial court granted summary judgment and dismissed the claim against the McFarlands. This appeal followed.

---

1.  It is undisputed that the McFarlands did not know of or consent to Glass's action in leaving the rug on the pavement.

2.  Glass, who was unrepresented by counsel below, was neither a party to the summary judgment proceedings nor a named party to this appeal.

3.  There were no substantive allegations that the McFarlands retained control over the parking lot or had any contractual obligation to repair defects on the leased premises.

■ The law governing landlord-tenant liability was concisely summarized in *Lambert v. Franklin Real Estate Co.*[4] as follows:

> "[A] landlord has a duty to disclose a known defective condition which is unknown to the tenant and not discoverable through reasonable inspection." *Milby v. Mears,* Ky.App., 580 S.W.2d 724, 728 (1979). However, "[i]t has been a longstanding rule in Kentucky that a tenant takes the premises as he finds them. The landlord need not exercise even ordinary care to furnish reasonably safe premises, and he is not generally liable for injuries caused by defects therein." *Milby* at 728. "[T]he landlord is under no implied obligation to repair the demised premises in the absence of a contract to that effect, nor is he responsible to a tenant for injuries to persons or property caused by defects therein, where there has been no reservation on the part of the landlord of any portion of the rented premises. In such cases the law applies to the contract or lease the doctrine of caveat emptor." *Home Realty Co. v. Carius,* 189 Ky. 228, 224 S.W. 751 (1920). Where the tenant is put in complete and unrestricted possession and control of the premises, as here, the landlord is liable only for the failure to disclose known latent defects at the time the tenant leases the premises. *Carver v. Howard,* Ky., 280 S.W.2d 708, 711 (1955). "[T]he duties and liabilities of a landlord to persons on the leased premises by the consent of the tenant are the same as those owed to the tenant himself. For this purpose they stand in his shoes. This rule applies to the tenant's wife or child. Where the

tenant has no redress against the landlord, those on the premises in the tenant's right are likewise barred." *Clary v. Hayes,* 300 Ky. 853, 190 S.W.2d 657, 659 (1945).

Given the absence of any substantive claim that the McFarlands retained possession or control over the parking lot, under these authorities it is clear that they were not liable to Dutton for her injuries.

■ Dutton asserts, however, that the McFarlands were negligent per se and therefore were liable to her because under the International Property Maintenance Code, which Bowling Green evidently incorporated into its Code of Ordinances, all walkways, driveways, parking spaces and similar areas must be kept in good repair and free from hazardous conditions. She relies on *Rietze v. Williams,*[5] which held that since properly adopted administrative regulations have the force and effect of law pursuant to KRS 13.081, the "noncompliance with applicable safety laws and regulations [which] results in injuries of the kind the laws or regulations are designed to prevent"[6] would constitute negligence and would fall within the exception to the general rule that a landlord has no duty to furnish safe premises to a tenant. That exception is based on KRS 446.070, which provides that "[a] person injured by the violation of any statute may recover from the offender such damages as he sustained by reason of the violation, although a penalty or forfeiture is imposed for such violation."

Unfortunately for Dutton's claim, KRS 13.081 was repealed in 1974, and *Rietze* was recently overruled in *Centre College v.*

---

**4.** 37 S.W.3d 770, 775–76 (Ky.App.2000).

**5.** 458 S.W.2d 613, 617 (Ky.1970), *overruled by Centre College v. Trzop,* 127 S.W.3d 562 (Ky. 2003).

**6.** *Id.* at 617.

*Trzop*,[7] at least insofar as *Rietze* relies on KRS 13.081 in holding "that KRS 446.070 allows recovery for violation of an administrative regulation."[8] Moreover, *Centre College* noted that although Kentucky administrative regulations continue to have "the force and effect of law when they have been duly promulgated and are consistent with the enabling legislation[,]"[9]

> [a]ll the cases supporting recovery for regulatory violations involve safety regulations adopted pursuant to the exact mandate of their enabling statute[s].... The statutes under which those regulations were enacted specifically provided for the safety of citizens. Therefore, the safety regulations violated in those cases were consistent with their enabling statutes and were not an unwarranted extension or expansion thereof. Historically, it has been only in this specific context of public safety regulations that the Court has allowed KRS 446.070 to extend to violations of administrative regulations.[10]

Thus, it is clear under *Centre College* that the recovery allowed by KRS 446.070 does not extend beyond those public safety regulations which are enabled by and closely based on Kentucky statutes.

Further, it is critical to note that the safety regulation which Dutton relies upon was not adopted pursuant to an enabling statute enacted by the Kentucky General Assembly. Instead, the regulation is contained in a municipal ordinance based on the International Property Maintenance Code. As our courts have previously determined that KRS 446.070 applies neither to municipal ordinances[11] nor to federal regulations,[12] there are no statutory or other legal grounds to support Dutton's claim of negligence per se based upon the Bowling Green ordinance.[13] Thus, it follows as a matter of law that the McFarlands are not liable to Dutton for damages resulting from her fall, and the trial court did not err by granting their motion for summary judgment.[14]

The court's summary judgment is affirmed.

ALL CONCUR.

7. 127 S.W.3d 562 (Ky.2003).

8. *Id.* at 566.

9. *Id.* at 566.

10. *Id.* at 567.

11. *Baker v. White*, 251 Ky. 691, 65 S.W.2d 1022 (1933); *Alderman v. Bradley*, 957 S.W.2d 264 (Ky.App.1997).

12. *Alderman*, 957 S.W.2d 264.

13. *Cf. Schilling v. Schoenle*, 782 S.W.2d 630 (Ky.1990) (held that city ordinance requiring abutting landowners to maintain sidewalks did not impose liability on such an owner for injuries suffered by a pedestrian as a result of a defect in the sidewalk); *Estep v. B.F. Saul Real Estate Investment Trust*, 843 S.W.2d 911 (Ky.App.1992) (cited *Schilling* as grounds for its conclusion that a shopping mall owner and store owner were not liable to a patron who was injured when she slipped and fell on snow and ice outside the store). *But see Horne v. Precision Cars of Lexington, Inc.*, 170 S.W.3d 364 (Ky.2005) (distinguished natural outdoor hazard cases, such as *Estep*, from cases involving hazards caused by owners, noting that an owner has no duty to warn or protect an invitee against known or obvious hazards).

14. CR 56.03.