RENDERED: AUGUST 19, 2022; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2021-CA-0616-MR

BRUCE SHUMAKE                                                        APPELLANT

v.         APPEAL FROM JEFFERSON CIRCUIT COURT
           HONORABLE AUDRA J. ECKERLE, JUDGE
           ACTION NO. 19-CI-006808

SANDRA MILLER AND
MARVIN MILLER                                                        APPELLEES

OPINION
AFFRIMING

** ** ** ** **

BEFORE: JONES, MAZE, AND TAYLOR, JUDGES.

MAZE, JUDGE: Appellant Bruce Shumake (Shumake) challenges the summary

judgment order dismissing his claim for damages arising out of a fall which

occurred on the property owned by Appellees (the Millers) and leased to Shaleesha

Dixon (Dixon). Because this Court finds that the Jefferson Circuit Court did not

err in dismissing Shumake's claim, we affirm.

The Millers have owned the property located at 1217 Lillian Avenue in Louisville, Kentucky for over 25 years. They have earned rental income on the property for more than 18 years. On October 1, 2018, they leased the property to Dixon. On January 28, 2019, Shumake visited the property as the dinner guest of Dixon. Upon exiting the premises through the backyard, he fell into a hole, sustaining injuries. He filed suit in the Jefferson Circuit Court against the Millers, alleging that they had negligently maintained the property.

The parties commenced discovery and the depositions of Shumake and the Millers were taken on May 19, 2020. On October 2, 2020, the trial court entered its order setting the matter for jury trial on June 1, 2021, and establishing deadlines for expert disclosure, witness identification, the filing of dispositive motions, the tendering of proposed jury instructions, and the filing of motions *in limine*. Depositions were to be completed at least 14 days before the scheduled trial date.

On January 20, 2021, the Millers moved for entry of summary judgment, arguing that, absent a statutory provision to the contrary, liability for Shumake's injuries lies with Dixon. *Rogers v. Redmond*, 727 S.W.2d 874 (Ky. App. 1987). On February 12, 2021, Shumake disclosed George Boehnlein as an expert witness and relied upon the information contained in that disclosure to support his response to the Millers' motion for summary judgment. Shumake's

response also included photos which he claimed depicted the yard where he fell, as it was in 2011 and as it was after his fall. He argued that the photos were sufficient to demonstrate the existence of genuine issues of material fact regarding the Millers' knowledge of the hole's existence. Oral arguments were scheduled and heard on April 26, 2021. On April 28, 2021, the trial court granted the Millers' motion for summary judgment, on the grounds that Shumake's "action should lie against the tenant[.]" Shumake timely appealed the trial court's order.

"Appellate review of a summary judgment involves only legal questions and a determination of whether a disputed material issue of fact exists. So we operate under a de novo standard of review with no need to defer to the trial court's decision." *Shelton v. Kentucky Easter Seals Soc., Inc.*, 413 S.W.3d 901, 905 (Ky. 2013).

In *Rogers*, 727 S.W.2d at 875, the Court held that "when a third person is injured on rented premises his cause of action, except for certain situations, lies against the tenant rather than the landlord." *See Starns v. Lancaster*, 553 S.W.2d 696 (Ky. App. 1977). More recently, in *Dutton v. McFarland*, 199 S.W.3d 771 (Ky. App. 2006), the Court reiterated that where the landlord does not retain possession or control over the leased property, the only claim for damages must lie against the tenant.

As stated in *Jaimes v. Thompson*, 318 S.W.3d 118, 119 (Ky. App. 2010) (citing *Carver v. Howard*, 280 S.W.2d 708, 711 (Ky. 1955)), the Court held that "[w]hen a tenant maintains complete control and possession over the premises and the landlord has no contractual or statutory obligation to repair, the landlord is only liable for 'the failure to disclose known latent defects at the time the tenant leases the premises.'"  In *Warren v. Winkle*, 400 S.W.3d 755, 762 (Ky. App. 2013), the Court held that landlords "can only be liable if they had actual or constructive notice of a defective condition. *Pease v. Nichols*, 316 S.W.2d 849, 851 (Ky. 1958)."

The Millers and Shumake submitted deposition testimony to the effect that neither they nor Dixon knew of the existence of the hole.  Shumake attempted to demonstrate that the Millers knew of the defect by producing the photographs submitted within his response to the Millers' motion for summary judgment.  The first photograph is an aerial shot provided by Google Maps dating from 2011 which purports to show a cone covering the general area where the hole was alleged to be located.  Shumake claims that the second photograph represents the hole as it appeared immediately after his fall.  However, neither of those photographs were properly authenticated.  Therefore, the testimony that the Millers had no knowledge of the hole's existence remains uncontroverted.

On appeal, Shumake also argues that the Millers had contractual and statutory duties which would subject them to liability for his injuries. Paragraph 9 of the Lease of Property between the Millers and Dixon states that, "**Bi-Monthly inspections will be conducted on the 1st day of said month; notice to bi-monthly inspections is given via contract**." In this case, there has been no showing that the contractual obligations contained in the lease were ever intended to extend beyond Dixon to her guests. Further, in *Schneder v. Erdman*, 752 S.W.2d 789 (Ky. App. 1988), the Court made clear that, even where there is an agreement that the landlord was to perform repairs, the party seeking damages must show that the landlord had "notice of the defect" which resulted in the injury. While Shumake seems to argue that, had the Millers complied with their contractual duty to inspect, they might have discovered the defect, no evidence of such notice was presented to the trial court.

Finally, Shumake asserts that the Millers had a statutory duty pursuant to the Uniform Residential Landlord Tenant Act, or URLTA. That Act sets forth the duties of a landlord, including the duty to comply with building and housing codes, to make repairs, to maintain the mechanicals associated with the premises, and to furnish water. KRS[1] 383.595 (1)(a)-(e). However, as held in *Miller v. Cundiff*, 245 S.W.3d 786 (Ky. App. 2007), there is no "clear intention on the part

---

[1] Kentucky Revised Statutes.

of the legislature to depart from the common-law standard for landlord liability." *Id.* at 789. *See also Waugh v. Parker*, 584 S.W.3d 748, 752 (Ky. 2019). Once again, Shumake fails to demonstrate the existence of any genuine issue of material fact which would demonstrate that the "common-law standard" has been met.

Accordingly, the order of the Jefferson Circuit Court granting summary judgment dismissing Shumake's complaint is affirmed.

ALL CONCUR.

BRIEFS FOR APPELLANT:

Brian Brownfield
Kelly Brownfield
Sarah Jane Dufour
Louisville, Kentucky

ORAL ARGUMENT FOR
APPELLANT:

Brian Brownfield
Kelly Brownfield
Sarah Jane Dufour
Louisville, Kentucky

BRIEF FOR APPELLEES:

Robert L. Steinmetz
Louisville, Kentucky

ORAL ARGUMENT FOR
APPELLEES:

Robert L. Steinmetz
Louisville, Kentucky